UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Luis Leandro Vasquez Ramirez

v.                                                    Case No. 1:26-cv-00497-JL-AJ
                                                      Opinion No. 2026 DNH 091

David Wesling, et al.

## MEMORANDUM ORDER

Before the court is the habeas petition brought by Luis Leandro Vasquez Ramirez challenging his ongoing ICE detention.  In their response to the petition, the respondents take the position that Ramirez's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) due to his alleged involvement in drug trafficking.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 2241.  Because the government declined to invoke § 1226(c) before the Immigration Judge and therefore deprived Ramirez of the opportunity to contest whether he is subject to mandatory detention under that provision, it may not assert that theory for the first time in this habeas proceeding.  Accordingly, the reasoning in *Destino v. FCI Berlin*, 2025 WL 4010424 (D.N.H. Dec. 24, 2025) (Elliott, C.J.) applies, and the respondents are ordered to provide Ramirez with an individualized bond hearing under 8 U.S.C. § 1226(a) as soon as practicable.

### I.    Background

Ramirez, a native and citizen of the Dominican Republic, entered the United States without inspection on or about December 5, 2022.[1]  Customs and Border Patrol briefly detained him and, two days later, paroled him into the United States, where he lived without a final order of removal for over three years.[2]  On April 25, 2026, ICE lodged a detainer for Ramirez's arrest while he was in state criminal custody on a charge of conspiracy to possess a controlled drug with intent to sell.[3]  ICE served Ramirez with a Notice to Appear charging him as an alien present in the United States who has not been admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i), and took him into custody at FCI Berlin.[4]

On June 10, 2026, during Ramirez's immigration detention, New Hampshire state authorities dropped the drug conspiracy charge.[5]  Ramirez represents that insufficient evidence of his involvement lead to that outcome.[6]  That same day, Ramirez received a custody redetermination hearing at which counsel for DHS took the position that Ramirez

---

[1] Pet. (doc. no. 1) ¶ 25.
[2] Response to Pet. (doc. no. 9) at 1.
[3] *Id*. at 1-2.
[4] Pet. (doc. no. 1) ¶¶ 31-32.
[5] *Id*. ¶ 30.
[6] *Id*.

was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that the Immigration Judge therefore lacked jurisdiction to conduct a bond hearing.[7]  The Immigration Judge agreed and denied Ramirez's request for release, citing "[l]ack of jurisdiction based on plain reading of INA § 235(b)(2)."[8]  DHS did not argue, and the Immigration Judge did not reach, whether 8 U.S.C. § 1226(c) required Ramirez's detention.[9]

Ramirez thereafter filed this habeas petition asserting entitlement to a bond hearing under 8 U.S.C. § 1226.  After reviewing the petition, the court ordered the respondents to show cause why it should not afford Ramirez the same relief ordered in *Destino*.  *See* 2025 WL 4010424, at *14.[10]  The respondents responded by asserting for the first time that Ramirez is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because the police reports underlying the *nolle prossed* charge provide a "reason to believe" that Ramirez committed a drug trafficking offense.[11]

## II.   Analysis

Section 1226(c)(1)(A) of the INA mandates detention of noncitizens who are inadmissible "by reason of having committed" certain offenses, which ordinarily requires a conviction.  8 U.S.C. § 1226(c)(1)(A); *see Demore v. Kim*, 538 U.S. 510, 513 (stating that 8 U.S.C. § 1226(c) provides for mandatory detention of any noncitizen who "is removable from this country because he has been *convicted of* one of a specified set of crimes" (emphasis added)).  The narrow exception added by the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), permits mandatory detention based on arrest or charge alone only for a specifically enumerated set of offenses (including, inter alia, burglary, theft, larceny, and shoplifting).  Ramirez's drug conspiracy charge, which was resolved through a *nolle prosequi* and did not result in a conviction, falls within none of these categories.  Ramirez's detention is therefore not automatically required by § 1226(c) merely by virtue of his recent arrest.

The government implicitly concedes as much by arguing that, notwithstanding the *nolle prosequi*, an Immigration Judge could "still review the police reports and find, based on the evidence contained within them, that [Ramirez] is a drug trafficker subject

---

[7] June 10, 2026 Hearing Tr. (doc. no. 1-1) at 11-14.

[8] June 10, 2026 Order of the Immigration Judge (doc. no. 1-1) at 8.

[9] June 10, 2026 Hearing Tr. (doc. no. 1-1) at 11-14.

[10] Show Cause Order (doc. no. 6).

[11] Response to Pet. (doc. no. 9) at 3-5.

to mandatory detention" under § 1226(c)(1)(A).[12]  Whatever the merits of that theory,[13] DHS did not raise it at Ramirez's June 10, 2026 custody hearing.  Instead, DHS argued only that Ramirez was detained pursuant to § 1225(b)(2) and that the Immigration Judge accordingly lacked jurisdiction to hold any bond hearing at all.  DHS took this position notwithstanding that ICE took Ramirez into custody under a detainer lodged while he was held on the very drug charge that the respondents now invoke.  DHS thus had notice and the opportunity, at the time of the June 10 hearing, to advance the theory it raises for the first time in this court.

The respondents' change-in-theory is not without consequence.  Importantly, a noncitizen detained under § 1226(c) is "entitled to an immediate hearing to adjudicate any contention that the [noncitizen] is not a criminal alien subject to section 1226(c)'s mandates." *Castaneda v. Souza*, 810 F.3d 15, 45 (1st Cir. 2015) (citing 8 C.F.R. § 1003.19(h)(2)(ii)).  By declining to invoke § 1226(c) before the Immigration Judge, DHS deprived Ramirez of the opportunity to challenge the factual assertions regarding his alleged trafficking conduct on which the respondents' § 1226(c) theory of detention relies.  Put differently, DHS prevented Ramirez from receiving the process to which he was entitled.  The respondents may not now, for the first time in this habeas proceeding, invoke an entirely different statutory basis for detention—one requiring individualized findings regarding Ramirez's alleged trafficking conduct—that was never presented to or considered by the Immigration Judge charged with making that determination in the first instance.  *See, e.g., Pazine v. Garland*, 115 F.4th 53, 65 (1st Cir. 2024) (noncitizen's failure to raise theory of prosecution to Immigration Judge constituted waiver of that argument); *cf. Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 35 (1st Cir. 2017) ("[A] litigant must put its best foot forward before a magistrate judge, and cannot introduce new arguments for the first time on the district court's review of the magistrate judge's ruling or recommendation.").

---

[12] Specifically, the government's theory is that a noncitizen's mere arrest on a drug-related charge, even absent any conviction, can itself furnish "reason to believe" the alien is a trafficker under § 1182(a)(2)(C)(i) and thereby trigger mandatory detention under § 1226(c)(1)(A).  *See* 8 U.S.C. § 1182(a)(2)(C)(i) (providing that "[a]ny alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance" is inadmissible to the United States); *id*. § 1226(c)(1)(A) (stating that DHS "shall take into custody any alien who is inadmissible by reason of having committed an offense covered in § 1182(a)(2)).

[13] The court notes some skepticism.  Section 1182(a)(2)(C)(i) governs whether a noncitizen may be charged and found removable where there is "reason to believe" that noncitizen is "an illicit trafficker in any controlled substance."  Section 1226(c)(1)(A), by contrast, governs whether a noncitizen may be detained, and mandates detention only when the noncitizen "[has] committed" an enumerated offense.  The difference in language suggests detention requires something more than the mere suspicion-based finding sufficient to sustain a removability charge.  Regardless, the respondents do not cite any authority for the proposition that the standard for adjudicating admissibility is or should be imported wholesale into the mandatory-detention context.

3

### III.     Relief

Because Ramirez has been denied any individualized custody hearing addressing whether he is properly subject to mandatory detention under § 1226(c) and the government forfeited its opportunity to secure individualized findings regarding Ramirez's alleged drug trafficking activity, his continuing detention under § 1226(c) is unlawful.  Thus, no cause having been shown why it should not afford Ramirez the same relief ordered in *Destino*, the court, applying the reasoning in that case, orders the respondents to provide Ramirez with a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable.  The bond hearing shall be conducted in accordance with the procedural protections set forth in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021), with DHS bearing the burden of providing, by clear and convincing evidence, that Ramirez poses a danger to the community, or, by a preponderance of evidence, that he poses a flight risk.  At that hearing, DHS may not raise, and the Immigration Judge shall not consider, whether Ramirez is subject to mandatory detention under 8 U.S.C. § 1226(c). The parties shall file a status report on or before **July 27, 2026**.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: July 16, 2026
Cc: Counsel of record

4